NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INTELLECTUAL VENTURES II LLC,**
*Appellant*

**v.**

**MOTOROLA MOBILITY LLC,**
*Appellee*

---

2016-1361

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2014-00504.

---

Decided: May 31, 2017

---

BRENTON R. BABCOCK, Knobbe, Martens, Olson & Bear, LLP, Irvine, CA, argued for appellant. Also represented by EDWARD M. CANNON.

JOHN C. ALEMANNI, Kilpatrick Townsend & Stockton LLP, Winston-Salem, NC, argued for appellee. Also represented by STEVEN MOORE, San Francisco, CA; DAVID A. REED, Atlanta, GA.

---

Before DYK, PLAGER, and REYNA, *Circuit Judges.*

PER CURIAM.

This is a patent case. Intellectual Ventures II LLC ("IV") appeals the Patent Trial and Appeal Board's ("Board") final written decision in *inter partes* review that IV's challenged claims were unpatentable based on allegedly prior art.[1] IV contends that it had conceived of the invention in U.S. Patent No. 7,382,771 ("MHS1") and reduced it to practice prior to the critical date of the allegedly anticipating prior art. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4). Because the parties are familiar with the facts, we do not recount them. Because the Board erred in its legal analysis, we vacate its determination of no prior conception and remand.

## I. LAN Routing System Limitation

The Board erred in its analysis of whether there was prior conception of the LAN routing system limitation.

First, the Board erred by requiring as part of the LAN limitation that IV corroborate conception of authentication and control features—despite having rejected a construction that would have included such features. According to the Board, IV's Ex. 2009, MHS1's system requirements document, did not demonstrate that the MHS1 "would *control* (i.e., 'manage') access between the Internet and the client devices." J.A. 17. The Board further stated that Ex. 2009 included "no mention of providing authentication or any other type of control." J.A. 18. Although the Board construed the LAN routing system limitation to include "managing" the data path, the Board rejected IV's proposed construction that would

---

[1]   The pre-AIA versions of the relevant statutes apply. *See* Leahy-Smith America Invents Act ("AIA"), 125 Stat. 84, 285–88, 341 (2011).

have included control. *See* J.A. 8–10. In rejecting that proposed construction, the Board rejected the notion that managing the data path necessarily included authentication. *Id.* As a result, the Board's analysis was erroneous in light of its prior claim construction. *See, e.g.*, *In re NTP, Inc.*, 654 F.3d at 1294 ("We agree that it would be improper to apply one claim construction to evidence of date of invention and a different one in assessing the prior art references.").

Second, a credibility issue arose bearing on whether the Windows 98 version used by the inventors in fact had the capability to provide the LAN limitation. IV provided testimony from one inventor, Mr. LeBlanc, and its expert, Dr. Tewfik, that Windows 98 had such capability. J.A. 16–17. To be sure, this is not direct evidence corroborating the conception of the invention because Windows 98 was not a part of the claimed invention. Thus, this corroborating evidence necessarily played a minor role. Nevertheless, we think the Board was too dismissive and erred in refusing to consider this evidence. The Board erred by reasoning that, even if the relevant version of Windows 98 had included the alleged functions, IV failed to show that the inventors knew of and intended to use those functions. Although conception must include every feature or limitation of the claimed invention, *see, e.g.*, *REG Synthetic Fuels, LLC v. Neste Oil Oyj*, 841 F.3d 954, 958 (Fed. Cir. 2016), "the corroboration requirement has never been so demanding" such that the corroborating evidence must "constitute[ ] definitive proof of [the inventor's] account or disclose[ ] each claim limitation as written." *Fleming v. Escort Inc.*, 774 F.3d 1371, 1377 (Fed. Cir. 2014). The focus must be whether the totality of the evidence makes the inventor's testimony credible. *See id.* In this instance, the Board's overly narrow focus led to error. Similarly, the Board erred by discounting Dr. Tewfik's potentially corroborating testimony because it was based on information provided by Mr. LeBlanc.

Although Dr. Tewfik reviewed some materials prepared by Mr. LeBlanc, *see* J.A. 1245–50 (Ex. 2004, ¶¶ 34–36), Dr. Tewfik testified that Windows 98 included certain functionalities based on his personal experience. *See* J.A. 1046–47 (Ex. 1014 at 12:17–13:11). Under the rule of reason analysis, the Board was required to consider *all* pertinent evidence, and the Board failed to do so here. *See In re NTP, Inc.*, 654 F.3d 1279, 1291 (Fed. Cir. 2011). Moreover, "this court has not impose[d] an impossible standard of 'independence' on corroborative evidence by requiring that every point . . . be corroborated by evidence having a source totally independent of the [witness]." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 628 F.3d 1359, 1374 (Fed. Cir. 2010).

## II. The Stand-Alone System Limitation

The Board also erred in its analysis of whether there was prior conception of the stand-alone system limitation.

First, the Board erred by refusing to consider Ex. 2020, which was a main piece of conception evidence for the stand-alone limitation, and Dr. Roy's related testimony. Ex. 2020 is a troubleshooting guide for the invention and provides that "[t]he Mobile Hotspot assigns users private IP addresses," hence allegedly disclosing that the MHS1 is stand-alone in terms of Dynamic Host Configuration Protocol ("DHCP") capability. J.A. 1393. The Board decided that Ex. 2020 did not corroborate timely conception because it was created on December 13, 2002— roughly one month after the critical date of November 4, 2002. The rule of reason requires consideration of all pertinent evidence. Documents created shortly after the critical date and even undated documents may be relevant to corroborate an inventor's testimony. *See Lazare*, 628 F.3d at 1374; *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1348 (Fed. Cir. 2013). "Corroboration does not require that every detail of the testimony be independently and conclusively supported by explicit disclo-

sures in the pre-critical date documents or physical exhibits." *Ohio Willow Wood*, 735 F.3d at 1348. *Cf. Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1329 (Fed. Cir. 2004) (finding no error when the fact-finder failed to discuss a document created many *years* after alleged invention). The Board's complete failure to even consider the evidence here was an error.

Second, IV also sought to corroborate conception of the stand-alone limitation with evidence that Windows 98 provided certain necessary features, including DHCP and Network Address Translation ("NAT") functionality. The Board erred by refusing to consider Exs. 2036 and 2037, which are product guides disclosing the features of Windows 98, in addition to Dr. Roy's related testimony. The Board did not consider the evidence because it reasoned that Mr. LeBlanc did not testify that he selected and used Windows 98 for its DHCP and NAT stand-alone functionalities. According to the Board, Mr. LeBlanc only testified that he used Windows 98 and that Windows 98 had various features, including DHCP and NAT functionalities. Again, the Board's overly-narrow, element-focused attack was improper because it is inconsistent with the required rule of reason analysis. *See, e.g.*, *TransWeb, LLC v. 3M Innovative Props. Co.*, 812 F.3d 1295, 1302 (Fed. Cir. 2016). Similarly, the Board determined that Exs. 2036 and 2037 were "entitled to little or no weight with respect to corroborating the alleged conception" because they were "last reviewed" in 2007—several years after alleged conception. J.A. 19. While this time period is more similar to the time period in *Linear Technology Corp.* (in which the fact-finder did not err by failing to discuss the evidence) than to the time period in *Ohio Willow Wood*, reliance on *Linear Technology Corp.* is inapposite here because the Board was considering the "last reviewed" date rather than the actual date of creation. The evidence was apparently undated with respect to creation and is similar to the evidence this court de-

termined was properly reviewable in *Lazare*, 628 F.3d at 1374. *Cf. In re NTP, Inc.*, 654 F.3d at 1291–93 (finding substantial evidence supported the Board's determination that a document's earliest reliable date was as reported in the document—rather than an earlier, pre-critical date reported by inventors).

In sum, we find that the Board did not make proper application of the rule of reason to determine whether there was sufficient corroboration of inventor testimony to demonstrate prior conception.

## CONCLUSION

For the foregoing reasons, we vacate the Board's finding of no prior conception, and remand for further proceedings consistent with this opinion. We do not determine what weights should be given to the various pieces of evidence at issue, but simply note that they should be considered under the proper standard.

**VACATED AND REMANDED.**

## COSTS

Costs to appellant.